**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**Case No. 9:24-cv-80640-Cannon-McCabe**

RABBI NAFTALY HERTZEL,
HENYA HERTZEL, and CHABAD
ISRAELI CENTER, INC., a Florida not-
for-profit corporation,

 Plaintiffs,

vs.

LOGGERS' RUN, INC., a Florida not-
for-profit corporation, CAMPBELL
PROPERTY MANAGEMENT AND
REAL ESTATE, INC., RONALD
HARP, and HARRY DIETZ,

 Defendants.

**PLAINTIFFS' MOTION TO COMPEL COMPLETE ANSWERS TO THEIR
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Plaintiffs move for an order compelling Defendants Loggers' Run, Inc. ("Loggers' Run"), Campbell Property Management and Real Estate, Inc. ("Campbell"), Ronald Harp, and Harry Dietz (collectively "Defendants") to provide complete answers to Plaintiffs' first interrogatories and requests for production to Defendants, overruling Defendants' objections, and awarding Plaintiffs attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37 and Magistrate Judge McCabe's Order Setting Discovery Procedure [ECF No. 61] ("Discovery Order").

## I. BACKGROUND

1. Plaintiffs served their first interrogatories on Defendants on October 9, 2025. By consent, Harp, Dietz, Campbell, and Loggers' Run served unverified amended responses on December 30, 2025, January 8, 2026, January 9, 2026, and January 16, 2026, respectfully.

2. Plaintiffs served their first request for production of documents on Defendants on October 9, 2025. By consent, Harp, Dietz, Campbell, and Loggers' Run served responses on November 25, 2025; December 5, 2025; and December 11, 2025, respectfully. After conferral, Defendants confirmed they would amend their responses, but have not done so.

3. Counsel for the parties conferred via Zoom on December 22, 2025, and January 9, 2026. Defendants' depositions are scheduled for February 11-13.

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in the context of discovery has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Alkridge v. Alfa Muy. Ins.*, 1 F.4th 1271, 1276 (11th Cir. 2021). "Proportionality focuses on the marginal utility of the discovery sought." *Runton v. Brookdale Senior Living, Inc.*,

2018 WL 1083493, at *6 (S.D. Fla. 2018). "[T]he party resisting discovery … has the burden to demonstrate specifically how the request is unreasonable or not relevant." *Adelman v. BSA*, 276 F.R.D. 681, 689 (S.D. Fla. 2011). And "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must ... require the party ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

### III. ARGUMENT

#### I. Boilerplate and Formulaic Objections Followed by an Answer

This Court has been clear: "A party objecting on those grounds must explain the specific and particular way in which the request is vague, overly broad, or unduly burdensome." ECF No. 61, at 3. "If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel prior to objecting on vagueness grounds." *Id.* Yet, Defendants ignore these instructions for nearly half of the interrogatories and requests, liberally objecting as "overbroad" and "vague" without further explanation. Specifically, Defendants repeatedly use the following (or a materially identical) objection:

> Defendant objects to this Interrogatory (Request) as it is vague, and overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case.

Variations of this profoundly unhelpful objection pervade Defendants' responses, regardless of subject matter. *See* **Ex. 1**, Loggers' Run Am. Resp., Nos. 1-3, 19-20; **Ex. 2**, Campbell Am. Resp., Nos. 3-4, 12, 14-17, 19-20; **Ex. 3**, Harp Am. Resp., No. 2; **Ex. 4**, Loggers' Run and Campbell's RFP Resp., Nos. 4-18; **Ex. 5**, Dietz RFP Resp., Nos. 4-5, 8-9, 12-13; **Ex. 6**, Harp RFP Resp., Nos. 4-5, 8-9, 12-13. For all, the problem is the same: asserting in a conclusory manner that an

2

interrogatory or request is "is vague, and overbroad as to scope and time, and not reasonably calculated" fails to provide any meaningful information to Plaintiffs.

Consider the interrogatory served on Harp, Loggers' Run, and Campbell (with slightly different language) "Describe whether any discussions or communications took place between You and Defendants regarding Plaintiffs, including communications regarding their religion, religious practices, Synagogue proposal, Chabad House uses, or use of residential property." Ex. 1, No. 1; Ex. 2, No. 3; Ex. 4, No. 2. Defendants provide the boilerplate response above without further explanation. Defendants similarly provided the response to Plaintiffs' request for documents pertaining to communications involving any Defendant related to religious practice in Loggers' Run. Ex. 4, No. 5; Ex. 5, No. 5; Ex. 6, No. 5. Defendants thus leave Plaintiffs to guess why they think the asking for communications *about them* and relating to the *subject matter of the suit* (religious discrimination) is overbroad or how such critical information is possibly not relevant.

This Court has been equally clear as to the consequences of these objections: they "will be found meritless by the Court." ECF 61, at 3. Thus, Defendants should be required to amend their responses and either (1) remove the boilerplate objections or (2) "explain the specific and particular way in which the request is vague, overly broad, unduly burdensome, [or seeks irrelevant information]." *See* ECF No. 61 at 3.

These responses introduce a related problem: Defendants follow their formulaic objections with an answer, most of which begin with the qualifier "[w]ithout waiving the foregoing objections." Ex. 1, Nos. 1-3, 11, 19-20; Ex. 2, Nos. 3-4, 12, 14-17, 20; Ex. 4, Nos. 6-11, 14-16, 18; Ex. 5, Nos. 4, 8-9, 12; Ex. 6, No. 8. Defendants do not explain if their objections limited their answer, leaving Plaintiffs "uncertain as to whether the question has been fully answered." ECF No. 61, at 4. This practice violates the Discovery Order, *id.*, and is routinely condemned, *see, e.g.*,

3

*Mazpule v. Xenios Corp.*, 2021 WL 2515685, at *2 (S.D. Fla. 2021). Defendants should be required to amend their responses to correct this error too.

## II. Objections Based Upon Privilege

Defendants object to several interrogatories and requests asserting attorney-client privilege or work-product doctrine but fail to provide a privilege log. Ex. 1, Nos. 1, 3, 11, 20; Ex. 2, Nos. 3, 12, 20; Ex. 4, Nos. 9-13. "[O]bjections based upon privilege [must] identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other." ECF No. 61 (citing S.D. Fla. L.R. 26.1(e)(2)(B)). Indeed, "[i]f a party raises a general objection of privilege without attaching a proper privilege log, the objection of privilege may be deemed waived." *Id.* Defendants' objections are thus meritless.

## III. The Remaining Disputed Objections Are Meritless.

Defendants object to several interrogatories and requests on the basis that the requested time period is "well outside the applicable statute of limitations" or "overbroad as to … time." Ex. 1, Nos. 1-3, 19-20; Ex. 2, Nos. 3-4, 12, 14-17, 20; Ex. 3, No. 2; Ex. 4, Nos. 4-18; Ex. 5, Nos. 4-5, 9, 12-13; Ex. 6, Nos. 4-5, 9, 12-13. Statutes of limitation are not rules of evidence, and evidence outside a limitations period is often relevant to claims. Courts have thus repeatedly rejected arguments to categorically exclude "evidence of discrimination that preceded … act[s] occurring within the limitations period." *E.g.*, *Burton v. Belle Glade*, 178 F.3d 1175, 1189 n.11 (11th Cir. 1999). Among many other possible reasons for relevance, such evidence can relate to "background evidence in support of a timely claim," *Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. 101, 113 (2002), or as proof of discriminatory animus, retaliatory motive, and campaign of disparate treatment and harassment, *see, e.g.*, *Badilo v. City of Deerfield*, 2013 WL 3762338, at *2 (S.D. Fla. 2013). Defendants should be required to amend their responses.

4

Defendants object to several interrogatories and requests on the basis that "[o]nly two of four homes that Plaintiff Chabad Israeli Center, Inc. owned are at issue based on the claims in the First Amended Complaint." Ex. 1, Nos. 1, 3, 20; Ex. 2, Nos. 3-4, 12, 20; Ex. 4, Nos. 8-11. But this case is about discrimination against the Plaintiffs within the HOA, not against a specific parcel of property. *See Adelman*, 276 F.R.D. at 697 ("the scope of discovery is not circumscribed by the specific allegations or claims in the complaint."). And requesting information about Plaintiffs' other homes in Loggers Run is plainly relevant and proportional to the needs of this case. *See Runton* 2018 WL 1083493, at *6. For example, how Defendants treated or spoke about these properties could reveal discriminatory bias, retaliatory motive, or important background context. Because these objections do not remotely disprove relevance and offers no other basis for withholding, Defendants should be required to amend their responses.

    **IV.**    **Defendants' Responses to Interrogatories Are Not Verified.**

Plaintiffs also move to compel Loggers' Run, Campbell and Dietz to serve properly verified responses to Plaintiffs' interrogatories. Federal Rule of Civil Procedure 33(b)(3) requires that each interrogatory be answered "separately and fully in writing under oath," and Rule 33(b)(5) requires that the person who makes the answers sign them. Despite these clear requirements—and despite Plaintiffs' counsel having raised the issue with Defendants' counsel—the amended interrogatory responses are not verified. Because unverified responses are tantamount to no responses at all, the Court should order Defendants to provide verified, oath-compliant answers.

    **V.**    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order compelling Defendants to provide more complete responses within five (5) days of the Court's order and a privilege log within fourteen (14) days of the Court's order.

5

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

I HEREBY CERTIFY that undersigned counsel has conferred with counsel for Defendants via Zoom on December 22, 2025, and January 9, 2026, in an attempt to resolve the disputes discussed herein. Defendants' amended responses do not cure the issues cited herein. Therefore, Plaintiffs file the instant motion to comply with the deadlines set forth in Local Rule 26.1(g), and will continue to confer with Defendants to narrow the issues before a hearing.

Dated January 21, 2026

Respectfully submitted,

/s/ *Eliot Pedrosa*

| | |
|---|---|
| John C. Brinkerhoff Jr. (*pro hac vice*) | Eliot Pedrosa (FL Bar No. 182443) |
| JONES DAY | Priscilla Ruiz (FL Bar No. 1049927) |
| 51 Louisiana Avenue, N.W. | JONES DAY |
| Washington, DC 20001-2113 | 600 Brickell Avenue, Suite 3300 |
| Tel: (202) 879-3939 | Miami, FL 33131 |
| *jbrinkerhoff@jonesday.com* | Tel: (305) 714-9717 |
| | *epedrosa@jonesday.com* |
| | |
| Jason Gonzalez (FL Bar No. 146854) | David J. Hacker (*pro hac vice*) |
| Bob Minchin (FL Bar No. 1033022) | Jeremiah G. Dys (*pro hac vice*) |
| LAWSON HUCK GONZALES | FIRST LIBERTY INSTITUTE |
| 215 South Monroe Street, Suite 320 | 2001 West Plano Parkway, Suite 1600 |
| Tallahassee, FL 32301 | Plano, TX 75075 |
| Tel: (850) 825-4334 | Tel: (972) 941-4444 |
| *Jason@lawsonhuckgonzalez.com* | *dhacker@firstliberty.org* |

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this January 21, 2026, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

                                                */s/ Eliot Pedrosa*
                                                Eliot Pedrosa