**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
Case No. 9:24-cv-80640- CANNON

RABBI NAFTALY HERTZEL,
HENYA HERTZEL, and CHABAD
ISRAELI CENTER, INC., a Florida not-
for-profit corporation,

    Plaintiffs,

v.

LOGGERS' RUN, INC., CAMPBELL
PROPERTY MANAGEMENT AND
REAL ESTATE, INC., RONALD HARP,
and HARRY DIETZ,

    Defendants.

### DEFENDANT DIETZ'S RESPONSE TO FIRST REQUEST FOR PRODUCTION

COMES NOW, the Defendants, LOGGERS' RUN, INC. ("Association" or "Loggers' Run"), and Campbell Property Management and Real Estate, Inc. ("Campbell") (collectively "Defendants"), by and through their undersigned counsel, and hereby submits the following Response to Plaintiffs' First Set of Requests for Production of Documents:

1. Documents upon which Defendants intend to rely on to support any denial or defense to the Complaint.

   **RESPONSE: At this time, the Defendant has not determined the documents they intend to reply upon to support their defenses and denials to the allegations to the Complaint. However, some documents that may be relied upon are produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000001 – 023461.**

2. All Documents Defendants might introduce at trial.

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

> **RESPONSE: At this time, the Defendants have not determined what evidence he intends to introduce at trial.**

3. All Documents provided to You by non-parties for use in or otherwise in connection with this Action.  This request includes both Documents produced in response to formal process, as well as Documents provided under informal arrangements.

    **RESPONSE: Please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000139 – 000240; CALL_FOR_SERVICE_05-14-2024_20.15.42.0_-_1050_-_HQC22-Phone_Voice_7240501.WAV.**

4. All Documents from 2012 to the Present constituting, reflecting, or relating to any Communication originating from, sent to, or involving any Defendant or agent of any Defendant, and relating in any way to religious or racial discrimination in Loggers' Run or by any Defendant or their agents.

    **RESPONSE: The Defendants object to this Request as it is vague, unclear, and confusing as to what is requested. The Defendants object to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint, nor to Loggers' Run.**

5. All Documents constituting, reflecting, or relating to any Communication originating from, sent to, or involving any Defendant or agent of any Defendant, and relating in any way to religious practice in Loggers' Run.

    **RESPONSE: The Defendants object to this Request as it is vague, unclear, and confusing as to what is requested. The Defendants object to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint.**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

6. Policies, procedures, guidelines, rules, handbooks, or other materials, whether formal or informal, currently in effect or previously in effect, that relate to the issuance of violations, citations, fines, or any other form of penalty or notice to residents or property owners by Loggers' Run.

**RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint, nor to Loggers' Run. Without waiving the foregoing objections, please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000001 – 000138; 023228 – 23351; 023352 - 023451**

7. Documents, records, logs, notices, or other materials that relate to the issuance of violations, citations, fines, penalties, warnings, or notices of potential enforcement actions to residents or property owners by Loggers' Run during the Relevant Period.  This includes, but is not limited to:

a) Records of each violation, citation, warning, or notice of potential enforcement action issued to residents or property owners, including the date, nature of the alleged violation, and any actions taken in response.
b) Copies of any notices, letters, or other forms of communication sent to residents or property owners regarding violations or citations.
c) Documentation of any follow-up actions, appeals, hearings, or resolutions related to violations or citations.
d) Logs or spreadsheets tracking violations, citations, fines, or penalties issued by the HOA.
e) Internal communications, emails, or meeting minutes discussing the issuance of violations or citations.
f) Records of any fines assessed or collected in connection with violations or citations.

**RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint, nor to Loggers' Run. Without waiving the foregoing objections, please see documents produced in Response hereto and**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

**bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000001 – 000138; 000240 - 000742; 000796 -001215; 000797; 001216-023190; 023191-023227; 023228 – 023351; 023352 – 023451; See also, the recording of the Board of Governor meetings.**

8. Communications between Defendants and Plaintiffs related to Plaintiffs' residence at Loggers' Run including but limited to any communications about violations, citations, proposals, requests, or religious affairs.

   **RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. Further, only two of four homes that Plaintiff Chabad Israeli Center, Inc. owned are at issue based on the claims in the First Amended Complaint. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint, nor to Loggers' Run. The Defendant objects to this Request as it is vague and unclear as to "Plaintiffs' residence" as it is not a defined term and it is unclear what property is referred to and/or at issue with regard to this Request. Without waiving the foregoing objections, the Defendants are producing responsive communications in their possession and control. See the Community Compliance Report for 21812 Reflection Lane and 21813 Reflection Lane, RESPONSE TO HERTZEL DISCOVERY – 000681 – 000694; 000000443 – 000644; 000681 – 000694; 000814; 000917; 000926; 001080; 000125; 001146; 001188; 017578 – 017583; 010448 – 010505; 010506-010544; 023191-023227**

9. Communications among, between, or involving in any way Defendants or any agents of Defendants discussing or referencing Plaintiffs.

   **RESPONSE: The Defendants object to this Request as to overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. Further, only two of four homes that Plaintiff Chabad Israeli Center, Inc. owned are at issue based on the claims in the First Amended Complaint. The "relevant period" of this Interrogatory is from January 1, 2012 through present, which in essence is over a decade of in which a person may have referenced the Plaintiff(s) however in passing. However, such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that has no bearing and/or relation to the allegations in the First Amended Complaint. Furthermore, any discussions or communications among HOA board members, officers, or employees regarding Plaintiffs, including the Synagogue proposal, the Chabad House, or the use of**

Page 4

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

**property, in or around December 14, 2023 to present are privileged and protected by the attorney-client privilege and/or the work product privilege as the Plaintiffs' Counsel sent a letter Re: Fair Housing Act Violations Against Orthodox Jews to the Association's General Counsel, and any discussions of the letter, strategy, and to handle the December 14, 2023 letter and anticipated litigation, and all subsequent communications related to same are privileged. Without waiving the foregoing objections, please see Response to Request 8.**

10. Any records of complaints, disputes, or discussions related to Plaintiffs, including but not limited to meeting minutes or notes from board meetings or committee meetings or drafts of any such minutes or notes.

    **RESPONSE: The Defendants object to this Request as to overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. Further, only two of four homes that Plaintiff Chabad Israeli Center, Inc. owned are at issue based on the claims in the First Amended Complaint. The "relevant period" of this Interrogatory is from January 1, 2012 through present and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that has no bearing and/or relation to the allegations in the First Amended Complaint. Furthermore, any discussions or communications among HOA board members, officers, or employees regarding Plaintiffs, including the Synagogue proposal, the Chabad House, or the use of property, in or around December 14, 2023 to present are privileged and protected by the attorney-client privilege and/or the work product privilege as the Plaintiffs' Counsel sent a letter Re: Fair Housing Act Violations Against Orthodox Jews to the Association's General Counsel, and any discussions of the letter, strategy, and to handle the December 14, 2023 letter and anticipated litigation, and all subsequent communications related to same are privileged. Without waiving the foregoing objections, Please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000240 -000442; 000443 -000540; 000541 - 000644; 000681 – 000694; 000770-000774; 000754 and IMG_4934.MOV; 000743 – 000747; 000784-000786; 000814; 000917; 000926; 001080; 000125; 001146; 001188; 017578 – 017583; 010448 – 010505; 010506-010544; 023191-023227.**

11. Communications concerning violations, citations, or fines issued to the Plaintiffs.

    **RESPONSE: The Defendants object to this Request as to overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. Further, only two of four homes that Plaintiff Chabad Israeli Center, Inc. owned are at issue based on the claims in the First Amended Complaint. The "relevant period" of this Interrogatory is from January 1, 2012 through present and such a period of time is well outside the applicable statute of limitations**

**timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that has no bearing and/or relation to the allegations in the First Amended Complaint. Furthermore, any discussions or communications among HOA board members, officers, or employees regarding Plaintiffs, including the Synagogue proposal, the Chabad House, or the use of property, in or around December 14, 2023 to present are privileged and protected by the attorney-client privilege and/or the work product privilege as the Plaintiffs' Counsel sent a letter Re: Fair Housing Act Violations Against Orthodox Jews to the Association's General Counsel, and any discussions of the letter, strategy, and to handle the December 14, 2023 letter and anticipated litigation, and all subsequent communications related to same are privileged. Without waiving the foregoing objections, Please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000240 -000442; 000443 -000540; 000541 - 000644; 000681 – 000694; 000814; 000917; 000926; 001080; 000125; 001146; 001188; 017578 – 017583; 010448 – 010505; 010506-010544; 023191-023227.**

12. Communications between, among, involving, or referencing Defendant and/or third parties regarding any Jewish residents within Loggers' Run concerning their religious practices, ethnicity, or interactions with the HOA.

    **RESPONSE: The Defendants object to this Request as it is vague, unclear, and confusing as to what is requested. The Defendants object to this Request as it is overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Request is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Furthermore, any discussions or communications among HOA board members, officers, or employees regarding Plaintiffs, including the Synagogue proposal, the Chabad House, or the use of property, in or around December 14, 2023 to present are privileged and protected by the attorney-client privilege and/or the work product privilege as the Plaintiffs' Counsel sent a letter Re: Fair Housing Act Violations Against Orthodox Jews to the Association's General Counsel, and any discussions of the letter, strategy, and to handle the December 14, 2023 letter and anticipated litigation, and all subsequent communications related to same are privileged.**

13. Communications between, among, involving, or referencing a Defendant, an employee of a Defendant, or HOA Board Member regarding any religious group, facility, practice or service.

    **RESPONSE: The Defendants object to this Request as it is vague, unclear, and confusing as to what is requested. The Defendants object to this Request as it is overbroad as to scope and**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

**time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Request is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Furthermore, any discussions or communications among HOA board members, officers, or employees regarding Plaintiffs, including the Synagogue proposal, the Chabad House, or the use of property, in or around December 14, 2023 to present are privileged and protected by the attorney-client privilege and/or the work product privilege as the Plaintiffs' Counsel sent a letter Re: Fair Housing Act Violations Against Orthodox Jews to the Association's General Counsel, and any discussions of the letter, strategy, and to handle the December 14, 2023 letter and anticipated litigation, and all subsequent communications related to same are privileged.**

14. All documents, records, minutes, agendas, notes, ballots, sign-in sheets, correspondence, and other materials, whether physical or electronic, concerning any elections or meetings held by Loggers' Run, including but not limited to:

  a) Documentation of any follow-up actions, appeals, hearings, or resolutions related to violations or citations.
  b) Records for any elections of board members, officers, or any other positions within the HOA, including notices of elections, candidate lists, ballots (physical or electronic), voting results, and any challenges or disputes regarding the election.
  c) Agendas, minutes, and notes from any HOA meetings, including annual meetings, special meetings, board meetings, committee meetings, and any other gatherings where HOA business was discussed.
  d) Attendance records, sign-in sheets, or other documentation showing who was present at any HOA meetings.
  e) Communications, including emails, notices, or letters sent to residents or board members regarding upcoming elections or meetings.
  f) Documents relating to any changes or amendments to HOA governing documents that were discussed or voted on during these meetings.
  g) Records of any resolutions, motions, or votes taken during HOA meetings.

  **RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Request is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations**

**in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Without waiving the foregoing objections, please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000240-000442; 023352 – 023451; Recordings of Board of Governors meetings.**

15. All documents, records, correspondence, meeting minutes, approvals, permits, and other materials concerning the approval, planning, or construction of any nonresidential buildings or properties within the jurisdiction of Loggers' Run including but not limited to:

a) Applications, proposals, or requests submitted to the HOA for the construction, alteration, or establishment of any nonresidential building or property within the HOA.
b) Minutes, notes, or agendas from any HOA meetings where the construction or approval of nonresidential buildings or properties was discussed or voted on.
c) Communications between the HOA and property developers, contractors, or residents concerning the construction or approval of nonresidential buildings or properties.
d) Copies of any approvals, permits, or other authorizations granted by the HOA or any other governing body related to the construction or use of nonresidential buildings or properties.
e) Records of any conditions, restrictions, or covenants imposed by the HOA on the construction or use of nonresidential buildings or properties.
f) Correspondence or communications between the HOA and local government agencies, zoning boards, or other entities concerning the approval or regulation of nonresidential construction within the HOA.
g) Documentation or any disputes, challenges, or objections raised by residents or other stakeholders regarding the construction or approval of nonresidential buildings or properties.

**RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Request is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Without waiving the foregoing objections, please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000293-000295; 000311 – 000335; 000755-000762; 000775-000777; 000778 – 000779; The Defendant Association has not approved the construction of nonresidential buildings.**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

16. All documents, communications, records, meeting minutes, notes, correspondence, and other materials, whether physical or electronic, concerning any request or proposal to build any place of worship or other religious structure within Loggers' Run at any time from 2012 to the Present.

    **RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Request is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Without waiving the foregoing objections, please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000240 -000442; 000755 – 000762; 000775 – 000779; . Otherwise, none in the Defendants' possession.**

17. All Documents, ESI, and tangible things to reimbursements to HOA Board Members from the HOA or expenses by HOA Board Members in connection with any position within the HOA.

    **RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Request is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint.**

18. All documents, communications, records, meeting minutes, notes, correspondence, and other materials, whether physical or electronic, concerning elections to the HOA Board.

    **RESPONSE: The Defendants object to this Request as it is overbroad as to scope and time and not reasonably calculated to lead to the discovery of relevant evidence and includes information, documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Request is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Furthermore, issues or concerns with the elections process should have been resolved through mandatory non-binding arbitration through the Department of Business and Professional Regulations.**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

**Without waiving the foregoing objections, please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000240 – 000442; 000763 – 000768; 000775 – 000779; 023352-023451.**

19. All documents, communications, records, meeting minutes, notes, correspondence, and other materials, whether physical or electronic, concerning the termination of Harry Dietz's employment with Campbell Property Management, Inc. and Real Estate Inc.

    **RESPONSE: Harry Dietz's employment was not terminated.**

20. All documents, ESI, and tangible things that You relied on or referred to when answering or that You identified in Your answer to each interrogatory in this case.

    **RESPONSE: Please refer to the Defendants' Responses to Interrogatories.**

Dated December 11, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　 _/s/   Ashley N. Landrum_
　　　　　　　　　　　　　　　　　　　　ASHLEY N. LANDRUM, ESQ.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 111594
　　　　　　　　　　　　　　　　　　　　VERNIS & BOWLING OF PALM BEACH, P.A.
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　　　　　　618 U.S. Highway One, Suite 200
　　　　　　　　　　　　　　　　　　　　North Palm Beach, Florida 33408
　　　　　　　　　　　　　　　　　　　　Telephone No. 561.775.9822
　　　　　　　　　　　　　　　　　　　　Facsimile No. 561.775.9821
　　　　　　　　　　　　　　　　　　　　Primary:　　　alandrum@florida-law.com
　　　　　　　　　　　　　　　　　　　　Secondary:　　kpaxton@florida-law.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　pbfiling@florida-law.com

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 11, 2025, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronically Filing generated by CM/ECF or in some other authorized manner for those Counsel or Parties who are not authorized to receive electronically Notice of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　　**/s/   Ashley N. Landrum**
　　　　　　　　　　　　　　　　　　　　　ASHLEY N. LANDRUM, ESQ.

## SERVICE LIST

JONES DAY
*Counsel for Plaintiffs*
600 Brickell Ave., Ste 3300
Miami, FL 33131
Telephone: (305) 7149714
epedrosa@jonesday.com
jbrinkerhoff@jonesday.com
Pruiz@jonesday.com

FIRST LIBERTY INSTITUTE
*Counsel for Plaintiffs*
1331 Pennsylvania Ave. NW Ste 1410
Washington, DC 20004
Telephone: (202) 921-4105
2001 W Plano Parkway Ste 1600
Plano, TX 75075
Telephone: (972) 941-4444
cvarone@firstliberty.org
jdys@firstliberty.org
dhacker@firstliberty.org

LAWSON HUCK GONZALES
*Counsel for Plaintiffs*
215 S Monroe St. Ste 320
Tallahassee, FL 32301
Telephone: (850) 825-4334
jason@lawsonhuckgonzalez.com
bob@lawsonhuckgonzalez.com

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Defendants' Response to First Request for Production