**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
Case No. 9:24-cv-80640- CANNON

**RABBI NAFTALY HERTZEL,**
**HENYA HERTZEL, and CHABAD**
**ISRAELI CENTER, INC.**, a Florida not-for-profit corporation,

    **Plaintiffs,**

**v.**

**LOGGERS' RUN, INC., CAMPBELL**
**PROPERTY MANAGEMENT AND**
**REAL ESTATE, INC., RONALD HARP,**
**and HARRY DIETZ,**

    **Defendants.**

## DEFENDANT DIETZ'S RESPONSE TO FIRST REQUEST FOR PRODUCTION

COMES NOW, the Defendant, HARRY DIETZ ("Defendant"), by and through his undersigned counsel, and hereby submits the following Response to Plaintiffs' First Set of Requests for Production of Documents:

1. Documents upon which Defendants intend to rely on to support any denial or defense to the Complaint.

   **RESPONSE: At this time, the Defendant has not determined the documents he intends to reply upon to support his defenses and denials to the allegations to the Complaint. However, some documents that may be relied upon are produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000001 – 000239.**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

2. All Documents Defendants might introduce at trial.

   **RESPONSE: At this time, the Defendant has not determined what evidence he intends to introduce at trial.**

3. All Documents provided to You by non-parties for use in or otherwise in connection with this Action. This request includes both Documents produced in response to formal process, as well as Documents provided under informal arrangements.

   **RESPONSE: Please see documents produced in Response hereto and bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000139 – 000239, and CALL FOR SERVICE 5-14-2024 recording.**

4. All Documents from 2012 to the Present constituting, reflecting, or relating to any Communication originating from, sent to, or involving any Defendant or agent of any Defendant, and relating in any way to religious or racial discrimination in Loggers' Run or by any Defendant or their agents.

   **RESPONSE: The Defendant objects to this Request as it is vague, unclear, and confusing as to what is requested. The Defendant objects to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint, nor to Loggers' Run. Without waiving the foregoing objection, the Defendant does not retain and/or maintain copies of such documents.**

5. All Documents constituting, reflecting, or relating to any Communication originating from, sent to, or involving any Defendant or agent of any Defendant, and relating in any way to religious practice in Loggers' Run.

Page 2

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

> **RESPONSE: The Defendant objects to this Request as it is vague, unclear, and confusing as to what is requested. The Defendant objects to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint.**

6. Policies, procedures, guidelines, rules, handbooks, or other materials, whether formal or informal, currently in effect or previously in effect, that relate to the issuance of violations, citations, fines, or any other form of penalty or notice to residents or property owners by Loggers' Run.

   > **RESPONSE: The Defendant does not retain and/or maintain copies of such documents, other than the current Loggers' Run Governing Documents, bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000001 - 000138.**

7. Documents, records, logs, notices, or other materials that relate to the issuance of violations, citations, fines, penalties, warnings, or notices of potential enforcement actions to residents or property owners by Loggers' Run during the Relevant Period. This includes, but is not limited to:

a) Records of each violation, citation, warning, or notice of potential enforcement action issued to residents or property owners, including the date, nature of the alleged violation, and any actions taken in response.
b) Copies of any notices, letters, or other forms of communication sent to residents or property owners regarding violations or citations.
c) Documentation of any follow-up actions, appeals, hearings, or resolutions related to violations or citations.
d) Logs or spreadsheets tracking violations, citations, fines, or penalties issued by the HOA.
e) Internal communications, emails, or meeting minutes discussing the issuance of violations or citations.
f) Records of any fines assessed or collected in connection with violations or citations.

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

**RESPONSE: The Defendant does not retain and/or maintain copies of such documents, other than the current Loggers' Run Governing Documents, bates numbered: RESPONSE TO HERTZEL DISCOVERY – 000001 - 000138..**

8. Communications between Defendants and Plaintiffs related to Plaintiffs' residence at Loggers' Run including but limited to any communications about violations, citations, proposals, requests, or religious affairs.

   **RESPONSE: The Defendant objects to this Request as it is vague and unclear as to "Plaintiffs' residence" as it is not a defined term and it is unclear what property is referred to and/or at issue with regard to this Request. Without waiving the foregoing objections, the Defendant does not retain and/or maintain copies of such documents.**

9. Communications among, between, or involving in any way Defendants or any agents of Defendants discussing or referencing Plaintiffs.

   **RESPONSE: The Defendant objects to this Request as it is vague, unclear, and confusing as to what is requested. The Defendant objects to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Without waiving the foregoing objections, the Defendant does not retain and/or maintain copies of such documents.**

10. Any records of complaints, disputes, or discussions related to Plaintiffs, including but not limited to meeting minutes or notes from board meetings or committee meetings or drafts of any such minutes or notes.

    **RESPONSE: The Defendant does not retain and/or maintain copies of such documents.**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

11. Communications concerning violations, citations, or fines issued to the Plaintiffs.

    **RESPONSE: The Defendant does not retain and/or maintain copies of such documents.**

12. Communications between, among, involving, or referencing Defendant and/or third parties regarding any Jewish residents within Loggers' Run concerning their religious practices, ethnicity, or interactions with the HOA.

    **RESPONSE: The Defendant objects to this Request as it is vague, unclear, and confusing as to what is requested. The Defendant objects to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint. Without waiving the foregoing objections, the Defendant does not retain and/or maintain copies of such documents**

13. Communications between, among, involving, or referencing a Defendant, an employee of a Defendant, or HOA Board Member regarding any religious group, facility, practice or service.

    **RESPONSE: The Defendant objects to this Request as it is vague, unclear, and confusing as to what is requested. The Defendant objects to this Request as it is overbroad as to scope and time, and not reasonably calculated to lead to the discovery of relevant evidence and include documents and/or communications that may not be relevant to either party's claim or defense nor proportional to the needs of the case. The "relevant period" of this Interrogatory is from January 1, 2012 through present, and such a period of time is well outside the applicable statute of limitations timeframe for the Fair Housing Act claims and allegations in the First Amended Complaint, and may relate to general interactions that have no bearing and/or relation to the allegations in the First Amended Complaint.**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

14. All documents, records, minutes, agendas, notes, ballots, sign-in sheets, correspondence, and other materials, whether physical or electronic, concerning any elections or meetings held by Loggers' Run, including but not limited to:

a) Documentation of any follow-up actions, appeals, hearings, or resolutions related to violations or citations.
b) Records for any elections of board members, officers, or any other positions within the HOA, including notices of elections, candidate lists, ballots (physical or electronic), voting results, and any challenges or disputes regarding the election.
c) Agendas, minutes, and notes from any HOA meetings, including annual meetings, special meetings, board meetings, committee meetings, and any other gatherings where HOA business was discussed.
d) Attendance records, sign-in sheets, or other documentation showing who was present at any HOA meetings.
e) Communications, including emails, notices, or letters sent to residents or board members regarding upcoming elections or meetings.
f) Documents relating to any changes or amendments to HOA governing documents that were discussed or voted on during these meetings.
g) Records of any resolutions, motions, or votes taken during HOA meetings.

**RESPONSE: The Defendant does not retain and/or maintain copies of such documents.**

15. All documents, records, correspondence, meeting minutes, approvals, permits, and other materials concerning the approval, planning, or construction of any nonresidential buildings or properties within the jurisdiction of Loggers' Run including but not limited to:

a) Applications, proposals, or requests submitted to the HOA for the construction, alteration, or establishment of any nonresidential building or property within the HOA.
b) Minutes, notes, or agendas from any HOA meetings where the construction or approval of nonresidential buildings or properties was discussed or voted on.
c) Communications between the HOA and property developers, contractors, or residents concerning the construction or approval of nonresidential buildings or properties.
d) Copies of any approvals, permits, or other authorizations granted by the HOA or any other governing body related to the construction or use of nonresidential buildings or properties.

Page 6

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

e) Records of any conditions, restrictions, or covenants imposed by the HOA on the construction or use of nonresidential buildings or properties.
f) Correspondence or communications between the HOA and local government agencies, zoning boards, or other entities concerning the approval or regulation of nonresidential construction within the HOA.
g) Documentation or any disputes, challenges, or objections raised by residents or other stakeholders regarding the construction or approval of nonresidential buildings or properties.

**RESPONSE: The Defendant does not retain and/or maintain copies of such documents.**

16. All documents, communications, records, meeting minutes, notes, correspondence, and other materials, whether physical or electronic, concerning any request or proposal to build any place of worship or other religious structure within Loggers' Run at any time from 2012 to the Present.

**RESPONSE: The Defendant does not retain and/or maintain copies of such documents.**

17. All Documents, ESI, and tangible things to reimbursements to HOA Board Members from the HOA or expenses by HOA Board Members in connection with any position within the HOA.

**RESPONSE: The Defendant does not retain and/or maintain copies of such documents.**

18. All documents, communications, records, meeting minutes, notes, correspondence, and other materials, whether physical or electronic, concerning elections to the HOA Board.

**RESPONSE: The Defendant does not retain and/or maintain copies of such documents.**

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

19. All documents, communications, records, meeting minutes, notes, correspondence, and other materials, whether physical or electronic, concerning the termination of Harry Dietz's employment with Campbell Property Management, Inc. and Real Estate Inc.

**RESPONSE: The Defendant's employment was not terminated.**

20. All documents, ESI, and tangible things that You relied on or referred to when answering or that You identified in Your answer to each interrogatory in this case.

**RESPONSE: Please refer to my Response to Interrogatories.**


Dated December 5, 2025                    Respectfully submitted,

    **/s/   Ashley N. Landrum**
ASHLEY N. LANDRUM, ESQ.
Florida Bar No. 111594
VERNIS & BOWLING OF PALM BEACH, P.A.
*Counsel for Defendants*
618 U.S. Highway One, Suite 200
North Palm Beach, Florida 33408
Telephone No. 561.775.9822
Facsimile No. 561.775.9821
Primary:        alandrum@florida-law.com
Secondary:   kpaxton@florida-law.com
                        pbfiling@florida-law.com

Hertzel v. Loggers' Run, Inc.
Case No. 9:24-cv-80640-AMC
Dietz's Response to First Request for Production

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 5, 2025, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronically Filing generated by CM/ECF or in some other authorized manner for those Counsel or Parties who are not authorized to receive electronically Notice of Electronic Filing.

      /s/   Ashley N. Landrum
ASHLEY N. LANDRUM, ESQ.

## SERVICE LIST

| | |
|---|---|
| JONES DAY<br>*Counsel for Plaintiffs*<br>600 Brickell Ave., Ste 3300<br>Miami, FL 33131<br>Telephone: (305) 7149714<br>epedrosa@jonesday.com<br>jbrinkerhoff@jonesday.com<br>Pruiz@jonesday.com | LAWSON HUCK GONZALES<br>*Counsel for Plaintiffs*<br>215 S Monroe St. Ste 320<br>Tallahassee, FL 32301<br>Telephone: (850) 825-4334<br>jason@lawsonhuckgonzalez.com<br>bob@lawsonhuckgonzalez.com |
| FIRST LIBERTY INSTITUTE<br>*Counsel for Plaintiffs*<br>1331 Pennsylvania Ave. NW Ste 1410<br>Washington, DC 20004<br>Telephone: (202) 921-4105<br>2001 W Plano Parkway Ste 1600<br>Plano, TX 75075<br>Telephone: (972) 941-4444<br>cvarone@firstliberty.org<br>jdys@firstliberty.org<br>dhacker@firstliberty.org | |